THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00081-D

| | |
|---|---|
| LORENZO RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **MEMORANDUM AND** |
| STATE OF NORTH CAROLINA, ) | **RECOMMENDATION** |
| ) | |
| Defendant. ) | |

This matter is before the Court on *pro se* Plaintiff's motion for leave to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. The Court notes that Plaintiff has provided the Court with the form appropriate for an application to appeal *in forma pauperis*, rather than an application to proceed *in forma pauperis* in the first instance. However, it is nonetheless clear that Plaintiff's monthly expenses exceed his monthly income. Thus, the Court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed.

However, notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's Complaint [DE-3-4], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that the complaint fails to state a claim upon which relief may be granted. Accordingly, for the reasons that follow, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

Plaintiff filed the instant complaint on January 10, 2011. He asserts jurisdiction based on an "appeal from NC Supreme Court denial/petition dismissal," and alleges that he has suffered from "illegal discrimination, pre-determined appeal denials, US + NC const. violations." Compl. [DE-3-4] at 2. Plaintiff requests relief in the form of a "remission of all court cost due to consecutive, involuntary unemployment, state court neglect, conspiracy against rights, etc." *Id.* at 3. Plaintiff has also submitted for the Court's review a four-page "Notice of Appeal" and a copy of a December 21, 2010 letter from the Supreme Court of North Carolina which appears to be a notice of dismissal in relation to an appeal previously filed by Plaintiff in a criminal case captioned *State v. Lorenzo Richardson*, P10-175/09CRS13862. Mot. to Proceed Ex. 1 [DE-1-1] at 1-5.

The Court has reviewed Plaintiff's "Notice of Appeal" in conjunction with his complaint in an attempt to gain a more complete picture of the basis for the instant action.[1] Though the underlying facts and circumstances are unclear, it appears to the Court that Plaintiff primarily seeks review of the North Carolina Supreme Court's decision to deny his requests for appeal, via both writ of certiorari and motion for appropriate relief, of a state court criminal conviction originating out of a traffic citation.

---

[1] The Court notes that Plaintiff also filed a similar action, *Richardson v. Greene*, No. 5:11-cv-00072-H2, on February 15, 2011, which is addressed in a separate memorandum and recommendation.

2

To the extent Plaintiff seeks release from a state court sentence, he may, after exhausting his state court remedies, file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, Plaintiff has not indicated in his complaint that he is currently serving any type of sentence as a result of the underlying state court conviction and, therefore, the Court declines to treat the instant complaint as a Section 2254 claim.

Furthermore, Plaintiff has asserted no other potential basis for jurisdiction in this Court, beyond vague assertions of "illegal discrimination" and "US + NC const. violations." Compl. at 2. It appears to the Court that Plaintiff believes that the courts of North Carolina have conspired to illegally discriminate against him by predetermining both his conviction and the decision to deny all his appeals. However, this accusation, without more, fails to state a cognizable claim of violation of any particular constitutional right and, accordingly, the Court finds that the complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED**. However, the Court **RECOMMENDS** that the Complaint [DE-3-4] be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon

grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 26th day of April, 2011.

_____
DAVID W. DANIEL
United States Magistrate Judge